UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA

      -v.-

OMAR PORTEE,
     a/k/a "OG Mack,"
     a/k/a "The Godfather of the
          Bloods,"
     a/k/a "The Big Homey,"
     a/k/a "The Unknown,"
     a/k/a "Anybody Killer,"
     a/k/a "The Almighty,"
     a/k/a "The Panther,"
     a/k/a "The Big Lion,"
     a/k/a "Omar Porter,"
     a/k/a "Amar Porter,"
     a/k/a "John Johnson,"
     a/k/a "John Varfley,"
     a/k/a "Pierre Johnson,"
     a/k/a "Ron Johnson,"
PAULETTE McCARTHA,
     a/k/a "OG P Ditty Mack,"
     a/k/a "P Ditty,"
     a/k/a "Mommy"
     a/k/a "Big Mamma,"
     a/k/a "Ma,"
     a/k/a "Prelette McCartha,"
GARY JACKSON,
     a/k/a "OG G,"
     a/k/a "G,"
     a/k/a "B-More,"
     a/k/a "Lamont Jackson"
     a/k/a "Monie Jackson"
     a/k/a "Pierre Johnson"
     a/k/a "Maurice Johnson"
     a/k/a "Moet,"
DUSHON FOSTER,
     a/k/a "Jah Bee,"
     a/k/a "Bloody Jah Bee,"
     a/k/a "Ivien Jones,"
     a/k/a "Show Foster,"
     a/k/a "Shun Foster,"
     a/k/a "Shawn Davis,"
     a/k/a "Shon Foster,"
RALIEK MOORE, JR.,
     a/k/a "KO,"

INDICTMENT

01 Cr. ____ (____)

01 CRIM. 450

Judge Buchwald

DOC # 1

U. S. DISTRICT COURT
FILED
MAY 07 2001
S. D. OF N.Y.

MAY - 9 2001 -3:00 PM OF I

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA

      -v.-                              INDICTMENT

OMAR PORTEE,
      a/k/a "OG Mack,"                  01 Cr. ___ (___)
      a/k/a "The Godfather of the
            Bloods,"                :
      a/k/a "The Big Homey,"        :
      a/k/a "The Unknown,"
      a/k/a "Anybody Killer,"       :
      a/k/a "The Almighty,"          **01 CRIM. 450**
      a/k/a "The Panther,"
      a/k/a "The Big Lion,"        :
      a/k/a "Omar Porter,"         :
      a/k/a "Amar Porter,"         :
      a/k/a "John Johnson,"        :
      a/k/a "John Varfley,"        :
      a/k/a "Pierre Johnson,"     :
      a/k/a "Ron Johnson,"        :
PAULETTE McCARTHA,
      a/k/a "OG P Ditty Mack,"     :
      a/k/a "P Ditty,"            :
      a/k/a "Mommy"             :
      a/k/a "Big Mamma,"          :
      a/k/a "Ma,"               :
      a/k/a "Prelette McCartha,"    :
ARY JACKSON,
      a/k/a "OG G,"              :
      a/k/a "G,"               :
      a/k/a "B-More,"           :
      a/k/a "Lamont Jackson"       :
      a/k/a "Monie Jackson"        :
      a/k/a "Pierre Johnson"       :
      a/k/a "Maurice Johnson"     :
      a/k/a "Moet,"            :
DUSHON FOSTER,
      a/k/a "Jah Bee,"          :
      a/k/a "Bloody Jah Bee,"     :
      a/k/a "Ivien Jones,"       :
      a/k/a "Show Foster,"       :
      a/k/a "Shun Foster,"       :
      a/k/a "Shawn Davis,"       :
      a/k/a "Shon Foster,"       :
RALIEK MOORE, JR.,
      a/k/a "KO,"              :

Judge Buchwald

DOC # 1

```
        a/k/a "OG 5-9 Brim,"              :
        a/k/a "Ronald Moore,"             :
        a/k/a "Robosin May,"              :
        a/k/a "Ronald May,"               :
        a/k/a "Ronni Moore,"              :
LEMREY ANDREWS,                           :
        a/k/a "Pimp Blood Red,"           :
        a/k/a "Bloody Pimp,"              :
        a/k/a "Pimp,"                     :
        a/k/a "Gerald Andrews,"           :
        a/k/a "Lenny Andrews,"            :
        a/k/a "Emmy Clark,"               :
        a/k/a "Young Redd,"               :
        a/k/a "PI,"                       :
RONNELL BOOTH,                            :
        a/k/a "Famo,"                     :
ANTHONY HERNANDEZ,                        :
        a/k/a "Lucky,"                    :
        a/k/a "Oliver Goldstein"          :
        a/k/a "Michael Angel Hernandez,"  :
SETOWAH VARFLEY,                          :
        a/k/a "Afrika,"                   :
        a/k/a "Sandra Griffith,"          :
        a/k/a "Peggy V. Mathis,"          :
        a/k/a "Peggy Varfley"             :
WANDA WILLIAMS,                           :
        a/k/a "Nina,"                     :
        a/k/a "Katerine Moore,"           :
        a/k/a "Tina Lopez,"               :
LATIA HARRIS,                             :
        a/k/a "Titi,"                     :
        a/k/a "Arson"                     :
DARRYL STRONG,                            :
        a/k/a "Shaheem,"                  :
        a/k/a "Shah,"                     :
        a/k/a "Shiam,"                    :
JEROME FRAZIER,                           :
        a/k/a "Rico,"                     :
JESSICA BACHMAN,                          :
        a/k/a "Katherine Moore,"          :
        a/k/a "Karen Young,"      and     :
JANE DOE,                                 :
        a/k/a "Cream,"                    :
                                          :
                                          :
                 Defendants.              :
                                          :
- - - - - - - - - - - - - - - - - - - x
```

2

<u>COUNT ONE</u>

The Grand Jury charges:

<u>THE ENTERPRISE</u>

1.   At all times relevant to this Indictment, in the Southern District of New York and elsewhere, the United Blood Nation (the "UBN") was a criminal organization whose members and associates engaged in conspiracy to murder, attempted murder, conspiracy to commit robbery, robbery, robbery of individuals who trafficked in narcotics, other acts of violence and narcotics trafficking in, among other places, New York City, upstate New York, Baltimore, Maryland, and Florida.  The UBN, which at various times included, OMAR PORTEE, a/k/a "OG Mack," a/k/a "The Godfather of the Bloods," a/k/a "The Big Homey," a/k/a "The Unknown," a/k/a "Anybody Killer," a/k/a "The Almighty," a/k/a "The Panther," a/k/a "The Big Lion," a/k/a "Omar Porter," a/k/a "Amar Porter," a/k/a "John Johnson," a/k/a "John Varfley," a/k/a "Pierre Johnson," a/k/a "Ron Johnson," (hereinafter, "OMAR PORTEE" or "PORTEE"), PAULETTE McCARTHA, a/k/a "OG P Ditty Mack," a/k/a "P Ditty," a/k/a "Mommy," a/k/a "Big Mamma," a/k/a "Ma," a/k/a "Prelette McCartha," (hereinafter "PAULETTE McCARTHA" or "McCARTHA"), GARY JACKSON, a/k/a "OG G," a/k/a "G," a/k/a "B-More," a/k/a "Lamont Jackson" a/k/a "Monie Jackson" a/k/a "Pierre Johnson" a/k/a "Maurice Johnson," a/k/a "Moet," (hereinafter, "GARY JACKSON" or "JACKSON"), SETOWAH VARFLEY, a/k/a "Afrika,"

a/k/a "Sandra Griffith," a/k/a "Peggy V. Mathis," a/k/a "Peggy
Varfley," (hereinafter, "SETOWAH VARFLEY" or "VARFLEY"), and
WANDA WILLIAMS, a/k/a "Nina," a/k/a "Katherine Moore," a/k/a
"Tina Lopez," (hereinafter, "WANDA WILLIAMS" or "WILLIAMS"), the
defendants, together with Dushon Foster, a/k/a "Jah Bee," a/k/a
"Bloody Jah Bee," a/k/a "Ivien Jones," a/k/a "Show Foster," a/k/a
"Shun Foster," a/k/a "Shawn Davis," a/k/a "Shon Foster,"
(hereinafter, "Dushon Foster" or "Foster"), Raliek Moore, a/k/a
"KO," a/k/a"OG 5-9 Brim," a/k/a "Ronald Moore," a/k/a "Robosin
May," a/k/a "Ronald May," a/k/a "Ronni Moore," (hereinafter,
"Raliek Moore" or "Moore"), Lemrey Andrews, a/k/a "Pimp Blood
Red," a/k/a "Bloody Pimp," a/k/a "Pimp," a/k/a "Gerald Andrews,"
a/k/a "Lenny Andrews," a/k/a "Emmy Clark," a/k/a "Young Redd,"
a/k/a "PI," (hereinafter, "Lemrey Andrews" or "Andrews"), Ronnell
Booth, a/k/a "Famo," Anthony Hernandez, a/k/a "Lucky," a/k/a
"Oliver Goldstein," a/k/a "Michael Angel Hernandez," (hereinafter
"Anthony Hernandez" or "Hernandez"), Latia Harris, a/k/a "Titi,"
a/k/a "Arson," Jessica Bachman, a/k/a "Katherine Moore," a/k/a
"Karen Young," and Jane Doe, a/k/a "Cream," and others known and
unknown, operated along the east coast of the United States and
principally in the New York City metropolitan area.

        2.    The UBN, including its leadership, its membership,
and its associates, constituted an "enterprise," as defined by
Title 18, United States Code, Section 1961(4), that is, a group

of individuals associated in fact, although not a legal entity.
At all times relevant to this Indictment, the enterprise operated
in New York City, upstate New York, Baltimore, Maryland, New
Jersey, and Florida, among other locations, and it was engaged
in, and its activities affected, interstate and foreign commerce.

<u>PURPOSES OF THE ENTERPRISE</u>

3.   The purposes of the enterprise included the
following:

a.   Enriching the members and associates of the
enterprise through, among other things, acts involving murder,
robbery, robbery of individuals who trafficked in narcotics,
other acts of violence, threats of violence, narcotics
trafficking, and intimidation;

b.   Preserving and protecting the power of the
enterprise, its members and associates through the use of acts
involving murder, robbery, robbery of individuals who trafficked
in narcotics,  other acts of violence, threats of violence,
narcotics trafficking, and intimidation; and

c.   Promoting and enhancing the enterprise and
the activities of its members and associates.

**BACKGROUND**

4.   In or about 1989, OMAR PORTEE, the defendant, was
imprisoned for committing two separate armed robberies in the
Bronx, New York.  In or about 1992, PORTEE was arrested again in

5

New York for a weapons offense.  While incarcerated in 1993, OMAR
PORTEE formed and became the leader of a criminal enterprise,
that is UBN.  PORTEE formed the UBN while incarcerated in order
to amass power among the inmate population.  At or about the time
UBN was formed, PORTEE and other members of UBN began to refer to
the enterprise as the "Bloods."  As such, the UBN, or the Bloods,
is a different enterprise, with different membership and a
different structure, than the one known as "the Bloods" that
operates on the West coast of the United States.

     5.   After forming the enterprise known as UBN and the
Bloods, OMAR PORTEE, the defendant, and other members of the
Bloods organized the Bloods into sub-organizations, each of which
is known as a "set."  These "sets" include, but are not limited
to, "Nine Trey Gangsta," "One-Eight-Trey," "Bloodstone Villains,"
"5-9 Brim," "Valentine Bloods," and "Gangsta Killer Bloods."

     6.   OMAR PORTEE, the defendant, and other high-ranking
members of the Bloods created a system of codes and hand signals
they used and continue to use to communicate with each other.
These codes and hand signals were initially established to allow
members of the Bloods to communicate with each other in a way
that hid the nature of their communication from prison officials.

     a.   The process of using their hand signals to
communicate is called "stacking."

b.    The following are examples of oral codes used by Bloods:

(i)   "Peter Row" means to murder someone;

(ii)  "Mr. Window" means to assault someone;

(iii) "Erickets" means enemy;

(iv)  "Put in work" means to commit an act of violence, which may include murder;

(v)   "Catch a body" means murder an individual;

(v)   "Food" is a person who the Bloods are supposed to assault and/or kill;

(vi)  "031" means "I have love for my Bloods;"

(vii) "Roscoe" means police; and

(viii) "Crab" is a derogatory term for a member of the Crips, a rival gang that also operates in New York City, among other places.

7.    OMAR PORTEE, the defendant, also created a system of rules and regulations governing the Bloods, its membership, and entry into the Bloods.  These regulations establish a hierarchical membership structure.

a.    For example, a member of the Bloods who has founded a set of the Bloods is called a "Godfather."  A member of the Bloods who has gained the respect of other members as a result of past criminal acts is called an "OG," which stands for

"Original Gangsta."  People with "OG" status direct and lead other Bloods, including giving orders to others to commit acts of violence, and have the power to raise or lower a gang member's status.  Other titles of respect within the Bloods include, but are not limited to, "Superior" and "General."

b.   Additionally, the rules governing entry into the Bloods sometimes requires those seeking membership to commit acts of violence.

8.   The rules governing the Bloods also establish penalties for those who violate the rules and/or "disrespect" higher ranking members of the Bloods.  Such penalties can include (a) being stripped of one's status within the Bloods, (b) being placed on probationary status within the Bloods, a state known as "5-Love," and/or (c) being labeled "food."  All members of the Bloods are directed to violently attack and/or kill any person labeled as "food."

9.   While the Bloods was formed in the New York prison system, the enterprise also exists outside that system.   For example, various sets of the Bloods operate in, among other places, the New York metropolitan area, upstate New York, Maryland, North Carolina, and Florida.

10.   When OMAR PORTEE, the defendant, was released from prison in June 1999, he returned to the vicinity of 183rd Street and Davidson Avenue, Bronx, New York.   There, he became the

leader of the "One-Eight-Trey" set of the Bloods.  PAULETTE McCARTHA is also a leader of that set, and is the leader of all female members of the Bloods, who are called Bloodettes.

## MEANS AND METHODS OF THE ENTERPRISE

11.  Among the means and methods by which the members and associates of the enterprise conduct and participate in the conduct of the affairs of the enterprise are the following:

a.  Members of the Bloods wear signature red clothing, including hats, shirts, pants, beads, and bandanas or handkerchiefs, which they call "rags" or "flags."  Some gang members also have tattoos and/or burn marks on their skin in a triangular fashion identifying them as members of the Bloods.  At times, members of the Bloods have switched from red to other colors in an attempt to evade law enforcement detection.

b.  The rules and regulations governing the Bloods require members of the Bloods to cross out the letter "C" whenever they write that letter.  This is done out of disrespect for members of the "Crips," a rival gang whose signature color is blue.  The Bloods also consider the "Latin Kings" to be a rival gang.

c.  The criminal activity of the Bloods includes the protection and maintenance of territory over which the gang claims control.  The Bloods mark their territory in the New York Metropolitan Area by using specially "tagged" graffiti, including

spray-painted lettering of, among other things, "183," "One Eight Trey," "Bloods," and "CK" (which stands for "Crip Killer").

        d.   The criminal activities of the Bloods also includes general intimidation against persons who threaten or who are perceived to pose a threat to the gang's power or control of a New York City neighborhood.  Members of the Bloods have committed, conspired, attempted, and threatened to commit acts of violence to protect and expand the gang's criminal operations.

        (i)   For example, on or about July 25, 2000, in the Bronx, New York, PORTEE ordered members of the Bloods to "put in work," or commit acts of violence.  In response, WANDA WILLIAMS, the defendant, Anthony Hernandez, and a member of the Bloods not charged herein who was a juvenile at the time, approached a woman walking in the vicinity of 183rd Street and Davidson Avenue, Bronx, New York.  As the juvenile pointed a .380 caliber semi-automatic firearm at the woman and threatened to shoot her if she defended herself, WILLIAMS called the woman a "crab" and assaulted her with a pipe.

        e.   The criminal activities of the Bloods has also included the promotion of prostitution, in violation of New York State law.  For example, in or about 1999 and at other times, Lemrey Andrews promoted prostitution in Queens, New York.  For a period of time, Andrews advertised this illegal prostitution business as "Young Redd."

f.   The criminal activities of the Bloods have also included the smuggling of narcotics to inmates in the New York State prison system

g.   The criminal activities of the Bloods have also included the use of drug money to post bail for imprisoned members of the gang.

h.   The criminal activities of the Bloods have also included identity theft and credit card fraud.  For instance, in or about August 2000, WANDA WILLIAMS, the defendant, used a driver's license in another person's name and without that other person's permission to pose as that person and secure a lease in that person's name for a Mercedes Benz.  Members of the Bloods took possession of that car.  Jessica Bachman later attempted to pick up the license plates for the Mercedes. Similarly, in or about June 2000, Anthony Hernandez used a driver's license in another person's name and without that person's permission to pose as that person and secure a lease in that person's name for a Cadillac.  Later, on or about August 15, 2000, OMAR PORTEE, WILLIAMS, SETOWAH VARFLEY, and Hernandez were stopped by law enforcement officers in that Cadillac in Florida. At the time, in the vehicle were thousands of dollars worth of jewelry and clothing purchased with fraudulently obtained credit cards.  Ten days later, on or about August 25, 2000, Jessica Bachman attempted to purchase over $1,000 worth of merchandise

11

from a department store in New Jersey using fraudulently obtained credit cards in the same name as those used to purchase the items in Florida.

        i.    The members and associates of the enterprise conspired to commit, committed, attempted and threatened to commit acts of violence, including acts involving murder, robbery, and other acts of violence to protect and expand the enterprise's criminal operations;

        j.    The members and associates of the enterprise acquired, possessed, carried and used deadly weapons, including firearms, knives, and razor blades, in the course of the enterprise's criminal activities.  For example:

        (i)  At all relevant times, OMAR PORTEE, the defendant, kept a "stash" of firearms in various locations in the New York metropolitan area.  These firearms have included, among others, a semi-automatic .25 caliber firearm, a .44 caliber firearm, a Tec-9 firearm, and an AK-47 rifle.

        (ii) At times, PORTEE ordered juveniles to hold, transport, or use weapons.  On at least two separate occasions, law enforcement has seized from juveniles firearms PORTEE had given to those juveniles.

        (iii) On or about November 4, 1999, law enforcement officers seized a Norinco AK-47 and a bullet proof

vest from the Bronx apartment of a member of the "One-Eight-Trey"

of the Bloods.

(iv) On or about June 7, 2000, law

enforcement officers seized a .357 caliber revolver from a member

of the Bloods in the vicinity of 183rd Street and Davidson

Avenue, Bronx, New York.

(v) On or about June 26, 2000, Raliek Moore

was arrested in the vicinity of 166th Street and Findley Avenue,

Bronx, New York, for a narcotics-related offense.  At the time,

he was carrying a razor blade.

(vi) On or about August 30, 2000, law

enforcement officers seized a .22 caliber firearm and a .380

caliber semi-automatic firearm in the Bronx apartment of a known

member of the "One Eight Trey" set of the Bloods.

(vii) On or about November 7, 2000, law

enforcement officers seized a .380 caliber semi-automatic

firearm, a sawed-off shotgun, a pellet-gun, a bullet-proof vest,

and Bloods-related literature from a Bronx apartment.

k.   The members and associates of the enterprise

participated in narcotics trafficking, namely heroin, cocaine

crack cocaine and marijuana.

<u>RACKETEERING VIOLATION</u>

12.  From in or about 1993, up to and including the

date of the filing of this Indictment, in the Southern District

13

of New York and elsewhere, OMAR PORTEE, GARY JACKSON, PAULETTE McCARTHA, SETOWAH VARFLEY, and WANDA WILLIAMS, the defendants, and others known and unknown, being persons employed by and associated with the enterprise described above, to wit, the Bloods, which was engaged in, and the activities of which affected, interstate and foreign commerce, unlawfully, willfully, and knowingly conducted and participated, directly and indirectly, in the conduct of the affairs of that enterprise through a pattern of racketeering activity, that is, through the commission of the following acts of racketeering:

<u>THE PATTERN OF RACKETEERING ACTIVITY</u>

13.   The pattern of racketeering activity, as defined in Title 18, United States Code, Sections 1961(1) and 1961(5), consisted of the following acts:

<u>Racketeering Act One</u>

14.   The defendants named below committed the following acts, any one of which alone constitutes the commission of Racketeering Act One:

a.   <u>Conspiracy to Murder Victim #1</u>

In or about September and October 1999, in the Southern District of New York, OMAR PORTEE and PAULETTE McCARTHA, the defendants, together with others known and unknown, unlawfully, willfully and knowingly conspired to murder a person

14

("Victim #1") in violation of New York State Penal Law Sections 125.25 and 105.15.

## Overt Act

(i)   In or about October 1999, in the Southern District of New York, OMAR PORTEE, the defendant, ordered others to shoot Victim #1.

b.   Attempted Murder Of Victim #1

On or about October 23, 1999, in the Southern District of New York, OMAR PORTEE, the defendant, together with others known and unknown, unlawfully, intentionally and knowingly attempted to murder and aided and abetted the attempted murder of Victim #1, in violation of New York State Penal Law Sections 125.25, 110.00, 110.05 and 20.00.

15.  Racketeering Act Two

The defendant named below committed the following acts, any one of which alone constitutes the commission of Racketeering Act Two:

a.   Conspiracy To Rob

On or about January 30, 2000, in the Southern District of New York, OMAR PORTEE, the defendant, together with others known and unknown, unlawfully, willfully and knowingly conspired to rob a parking lot located in the vicinity of 2155 East Tremont Avenue, Bronx, New York, in violation of New York State Penal Law Sections 160.15 and 105.10.

Overt Act

(i)   On or about January 30, 2000, in the
Bronx, New York, PORTEE ordered others to complete an armed
robbery at a parking lot located in the vicinity of 2155 East
Tremont Avenue, Bronx, New York.

b.   Robbery

On or about January 30, 2000, in the Southern
District of New York, OMAR PORTEE, the defendant, together with
others known and unknown, unlawfully, wilfully, and knowingly,
committed and aided and abetted the commission of the robbery of
a parking lot located in the vicinity of 2155 East Tremont
Avenue, Bronx, New York, in violation of New York State Penal Law
Sections 160.15 and 20.00.

16.   Racketeering Act Three

The defendant named below committed the following acts,
any one of which alone constitutes the commission of Racketeering
Act Three:

a.   Conspiracy To Rob

On or about April 23, 2000, in the Southern
District of New York, OMAR PORTEE, the defendant, together with
others known and unknown, unlawfully, willfully, and knowingly,
together with others known and unknown, conspired to rob a
parking lot located in the vicinity of 2040 East Tremont Avenue,

16

Bronx, New York, in violation of New York State Penal Law Sections 160.15 and 105.10.

Overt Act

(i)  On or about April 23, 2000, in the Bronx, New York, PORTEE ordered others to complete an armed robbery at a parking lot located in the vicinity of 2040 East Tremont Avenue, Bronx, New York.

b.   Robbery

On or about April 23, 2000, in the Southern District of New York, OMAR PORTEE, the defendant, together with others known and unknown, unlawfully, intentionally, and knowingly, committed and aided and abetted the commission of the robbery of a parking lot located in the vicinity of 2040 East Tremont Avenue, Bronx, New York, in violation of New York State Penal Law Sections 160.15 and 20.00.

17.  Racketeering Act Four

The defendant named below committed the following acts, any one of which alone constitutes the commission of Racketeering Act Four:

a.   Conspiracy To Rob Members Of The "Crips"

In or about 2000, in the Southern District of New York, OMAR PORTEE, the defendant, together with others known and unknown, unlawfully, willfully, and knowingly, conspired to rob persons believed to be members of the "Crips," in the Bronx, New

York, in violation of New York State Penal Law Sections 160.15 and 105.10.

Overt Act

(i)   In or about 2000, in the Southern District of New York, at the direction of OMAR PORTEE, the defendant, and two co-conspirators not named as defendants herein ("CC-1" and "CC-2") robbed people believed to be members of the Crips.

b.   Robbery of Members Of The "Crips"

In or about 2000, in the Southern District of New York, OMAR PORTEE, the defendant, together with others known and unknown, unlawfully, willfully, and knowingly, committed and aided and abetted the commission of the robbery of persons believed to be members of the "Crips," in the Bronx, New York, in violation of New York State Penal Law Sections 160.15 and 20.00.

18.   Racketeering Act Five: Extortion of Drug Dealer

From at least in or about the summer of 1999 up to and including at least the summer of 2000, in the Southern District of New York, OMAR PORTEE, the defendant, and others known and unknown, unlawfully, willfully, and knowingly, compelled and induced another person to deliver such property to themselves and to a third person by means of instilling in that person a fear that, if the property was not so delivered, the defendant or another would (i) cause physical injury to some person in the

18

future; (ii) engage in other conduct constituting a crime; and (iii) perform any other act which would not in itself materially benefit the actor but which is calculated to harm another person materially with respect to that person's health, safety, and business, in violation of New York State Penal Law Sections 155.05 and 155.30, to wit, OMAR PORTEE, the defendant, and others collected "protection money" from a drug dealer who operated in the vicinity of 183rd Street, Bronx, New York.

19.   Racketeering Act Six: Conspiracy to Murder Victim #3

In or about August 2000, in the Southern District of New York, PAULETTE McCARTHA, the defendant, together with others known and unknown, unlawfully, willfully and knowingly conspired to murder a person ("Victim #3"), in violation of New York State Penal Law 125.25 and 105.15.

Overt Acts

(i)   On or about April 21, 2000, PAULETTE MCCARTHA, the defendant, in Bronx, New York, labeled individuals associated with individuals who slashed her daughter as "food," targeting them for retaliation.

(ii)  On or about August 22, 2000, Bronx, New York, Dushon Foster shot Victim #3 in the face.

20.  Racketeering Act Seven

The defendants named below committed the following acts, any one of which alone constitutes the commission of Racketeering Act Seven:

a.  Distribution and Possession With Intent to _
Distribute Marijuana

On or about February 20, 2001, in the Southern District of New York, OMAR PORTEE and SETOWAH VARFLEY, the defendants, together with others known and unknown, unlawfully, intentionally and knowingly did distribute and possess with intent to distribute mixtures and substances containing detectable amounts of marijuana, in violation of Title 21, United States Code, Sections 812, 841(a)(1), and 841(b)(1)(D); and Title 18 United States Code, Section 2.

b.  Conspiracy to Distribute Marijuana

On or about February 20, 2001, in the Southern District of New York, OMAR PORTEE and SETOWAH VARFLEY, the defendants, together with others known and unknown, unlawfully, intentionally and knowingly unlawfully, intentionally and knowingly combined, conspired, confederated and agreed together and with each other to violate the narcotics laws of the United States, to wit, Title 21, United States Code, Sections 812, 841(a)(1) and 841(b)(1)(D), in violation of Title 21, United States Code, Section 846.  It was a part and an object of said conspiracy that PORTEE and VARFLEY, the defendants, together with

20

others known and unknown, would and did distribute and possess

with intent to distribute mixtures and substances containing

detectable amounts of marijuana.

       21.  <u>Racketeering Act Eight: Conspiracy to Distribute</u>
           <u>and Possess With Intent to Distribute Crack</u>
           <u>Cocaine</u>

From at least on or about February 20, 2001 up to and

including the date of the filing of this Indictment, in the

Southern District of New York, OMAR PORTEE, the defendant,

together with others known and unknown, unlawfully, intentionally

and knowingly combined, conspired, confederated and agreed

together and with each other to violate the narcotics laws of the

United States, to wit, Title 21, United States Code, Sections

812, 841(a)(1) and 841(b)(1)(A), in violation of Title 21, United

States Code, Section 846.  It was a part and an object of said

conspiracy that PORTEE, the defendant, together with others known

and unknown, would and did distribute and possess with intent to

distribute 50 grams and more of mixtures and substances

containing detectable amounts of cocaine base, in a form commonly

known as "crack."

       22.  <u>Racketeering Act Nine: Robbery</u>

On or about June 4, 2000, in the Southern District of

New York, WANDA WILLIAMS, the defendant, together with others

known and unknown, unlawfully, willfully, and knowingly,

committed and aided and abetted the commission of a robbery at

392 Manhattan Avenue, in New York, New York, in violation of New York State Penal Law Sections 160.15 and 20.00.

23.  Racketeering Act Ten: Credit Card Fraud

From at least in or about August 2000, up to and including at least January 2001, in the Southern District of New York and elsewhere, OMAR PORTEE, SETOWAH VARFLEY, and WANDA WILLIAMS, the defendants, and others known and unknown, unlawfully, willfully, and knowingly, and with intent to defraud, confederated, conspired, and agreed, together and with each other, and attempted, to: (1) use one or more counterfeit access devices and (2) effect transactions, with one or more access devices issued to another person or persons, to receive payment and other things of value, during a 1-year period, the aggregate value of which is greater than $1,000, and engaged in conduct in furtherance of such offense, in violation of Title 18, United States Code, Sections 1029(b)(2), 1029(b)(1), 1029(a)(2) and 1029(a)(5), to wit, the defendants used and possessed credit cards issued to other persons to purchase and attempt to purchase thousands of dollars worth of merchandise.

24.  Racketeering Act Eleven: Identity theft

From at least in or about August 2000, up to and including at least in or about January 2001, in the Southern District of New York and elsewhere, OMAR PORTEE, SETOWAH VARFLEY, and WANDA WILLIAMS, the defendants, and others known and unknown,

unlawfully, willfully, and knowingly combined, conspired, confederated, and agreed together and with each other to, and attempted to, transfer and use, without lawful authority, means of identification of another person with intent to commit, and to aid and abet, unlawful activity that constitutes a violation of federal law, New York State law, New Jersey State law, and Florida State law, to wit, PORTEE, VARFLEY, and WILLIAMS agreed to use other people's identification, without authority, in order to commit fraud, in violation of Title 18, United States Code, Section 1028(a)(7).

25.   <u>Racketeering Act Twelve: Conspiracy to Murder Victim #1 and Associates</u>

From at least in or about October 2000 up to and including the date of the filing of this Indictment, in the Southern District of New York, OMAR PORTEE, GARY JACKSON, and PAULETTE McCARTHA, the defendants, together with others known and unknown, unlawfully, willfully and knowingly conspired to murder Victim #1 and Victim #1's associates, including a person ("Victim #2"), in violation of New York State Penal Law Sections 125.25 and 105.15.

<u>Overt Acts</u>

(i)   On or about October 18, 2000, in the Bronx, New York, PAULETTE McCARTHA, the defendant, vowed to avenge the stabbing of her son.

23

(ii) On or about November 8, 2000, in the Bronx, New York, OMAR PORTEE and GARY JACKSON, the defendants, participated in a discussion concerning the lighting of an apartment on fire.

26. <u>Racketeering Act Thirteen: Crack Cocaine Sale</u>

On or about August 24, 2000, in the Southern District of New York, GARY JACKSON, the defendant, together with others known and unknown, unlawfully, intentionally and knowingly did distribute and possess with intent to distribute 50 grams and more of mixtures and substances containing a detectable amount of cocaine base, in a form commonly known as "crack," in violation of Title 21, United States Code, Sections 812, 841(a)(1), and 841(b)(1)(C); and Title 18 United States Code, Section 2.

(Title 18, United States Code, Sections 1961 & 1962(c).)

<u>COUNT TWO</u>

**Racketeering Conspiracy**

The Grand Jury further charges:

27. Paragraphs 1 through 11 and 13 through 26 of Count One of this Indictment are realleged and incorporated by reference as though fully set forth herein.

28. From in or about the Fall of 1992 up to and including in or about May 1998, in the Southern District of New York and elsewhere, OMAR PORTEE, GARY JACKSON, PAULETTE McCARTHA, SETOWAH VARFLEY, and WANDA WILLIAMS, the defendants, together

24

with others known and unknown, being persons employed by and
associated with the enterprise described in Paragraphs 1 through
11 of Count One of this Indictment, to wit, the Bloods,
unlawfully, willfully, and knowingly combined, conspired,
confederated and agreed together and with each other to violate
the racketeering laws of the United States, to wit, Section
1962(c) of Title 18, United States Code, that is, to conduct and
participate, directly and indirectly, in the conduct of the
affairs of that enterprise, which was engaged in, and the
activities of which affected, interstate and foreign commerce,
through a pattern of racketeering activity, to wit, the
racketeering acts set forth in Paragraphs 14 through 26 in Count
One of this Indictment as Racketeering Acts One through Thirteen.
It was a part of the conspiracy that each defendant agreed that a
coconspirator would commit at least two acts of racketeering in
the conduct of the affairs of the enterprise.

(Title 18, United States Code, Section 1962(d).)

### Violence In Aid Of Racketeering Counts

<u>COUNT THREE</u>

29.  The Bloods, as described in Paragraphs 1 through
11 of Count One of this Information, which are realleged and
incorporated by reference as though fully set forth herein,
constituted an enterprise as that term is defined in Title 18,
United States Code, Section 1959(b)(2), that is, an association

25

in fact of individuals engaged in, and the activities of which
affected, interstate and foreign commerce.

30. The Bloods, through its members and associates,
engaged in racketeering activity as that term is defined in Title
18, United States Code, Sections 1961(1) and 1959(b)(1), that is,
acts involving murder, robbery, and assault, in violation of New
York State Penal Law, narcotics trafficking, in violation of
Title 21, United States Code, Sections 812, 841 and 846, and
credit card and identity fraud, in violation of Title 18, United
States Code, Sections 1028 and 1029.

31. In or about the September and October 1999, in the
Southern District of New York, for the purpose of gaining
entrance to and maintaining and increasing their positions in the
Bloods, an enterprise engaged in racketeering activity, OMAR
PORTEE, PAULLETTE McCARTHA, and LEMREY ANDREWS, the defendants,
and others known and unknown, unlawfully, wilfully, and knowingly
would and did conspire to commit murder, to wit, PORTEE,
McCARTHA, and ANDREWS and others conspired to murder Victim #1,
in the Bronx, New York, in violation of New York State Penal Law
Sections 105.15 and 125.25.

<u>Overt Acts</u>

(i)  In or about October 1999, in the Southern
District of New York, OMAR PORTEE, the defendant, ordered a CC-1,

26

a co-conspirator not charged as a defendant herein, to shoot Victim #1.

(ii) In or about October 1999, in the Southern District of New York, PAULLETTE McCARTHA, the defendant, discussed retribution against Victim #1 and his associates.

(iii) On or about October 23, 1999, in the Southern District of New York, LEMREY ANDREWS, the defendant, approached the apartment of Victim #1 with an AK-47 firearm.

(Title 18, United States Code, Sections 1959(a)(5).)

COUNT FOUR

The Grand Jury further charges:

32.  Paragraphs 29 and 30 above are realleged and incorporated by reference as though fully set forth herein.

33.  In or about the September and October 1999, in the Southern District of New York, for the purpose of gaining entrance to and maintaining and increasing their positions in the Bloods, an enterprise engaged in racketeering activity, OMAR PORTEE and LEMREY ANDREWS, the defendants, and others known and unknown, unlawfully, wilfully, and knowingly would and did attempt to commit murder, to wit, PORTEE, ANDREWS and others attempted to murder Victim #1, in the Bronx, New York, in violation of New York State Penal Law Sections 110.00 and 125.25.

(Title 18, United States Code, Sections 1959(a)(5) and 2.)

## COUNT FIVE

The Grand Jury further charges:

34.   Paragraphs 29 and 30 above are realleged and incorporated by reference as though fully set forth herein.

35.   In or about August 2000, in the Southern District of New York, for the purpose of gaining entrance to and maintaining and increasing their positions in the Bloods, an enterprise engaged in racketeering activity, DUSHON FOSTER and PAULETTE MCCARTHA, the defendants, and others known and unknown, unlawfully, wilfully, and knowingly would and did conspire to commit murder, to wit, FOSTER and McCARTHA conspired to murder Victim #3, in the Bronx, New York, in violation of New York State Penal Law Sections 110.00 and 125.25.

### Overt Acts

(i)   On or about April 21, 2000, PAULETTE MCCARTHA, in Bronx, New York, labeled individuals associated with individuals who slashed her daughter as "food."

(ii)  On or about August 22, 2000, Bronx, New York, DUSHON FOSTER, the defendant, shot Victim #3 in the face.

(Title 18, United States Code, Sections 1959(a)(5).)

### COUNT SIX

The Grand Jury further charges:

36.   Paragraphs 29 and 30 above are realleged and incorporated by reference as though fully set forth herein.

37.   On or about August 22, 2000, in the Southern District of New York, for the purpose of gaining entrance to and maintaining and increasing his position in the Bloods, an enterprise engaged in racketeering activity, DUSHON FOSTER, the defendant, and others known and unknown, unlawfully, wilfully, and knowingly would and did attempt to commit murder, to wit, FOSTER attempted to murder Victim #2, in the Bronx, New York, in violation of New York State Penal Law Sections 120.05, 120.10 and 110.00.

(Title 18, United States Code, Sections 1959(a)(5) and 2.)

<u>COUNT SEVEN</u>

The Grand Jury further charges:

38.   Paragraphs 29 and 30 above are realleged and incorporated by reference as though fully set forth herein.

39.   In or about July 2000, in the Southern District of New York, for the purpose of gaining entrance to and maintaining and increasing their positions in the Bloods, an enterprise engaged in racketeering activity, RALIEK MOORE and RONNELL BOOTH, the defendants, and others known and unknown, unlawfully, wilfully, and knowingly would and did conspire to commit murder, to wit, MOORE and BOOTH conspired to murder Victim #4, in the Bronx, New York, in violation of New York State Penal Law Sections 110.00 and 125.25.

29

Overt Act

(i)   On or about July 15, 2000, in the Bronx, New York, MOORE and BOOTH went to the vicinity of 129th Street in Bronx, New York for the purpose of shooting Victim #4.  As a result, Victim #4 and another person ("Victim #5") were each shot.

(Title 18, United States Code, Sections 1959(a)(5).)

COUNT EIGHT

The Grand Jury further charges:

40.   Paragraphs 29 and 30 above are realleged and incorporated by reference as though fully set forth herein.

41.   On or about July 15, 2000, in the Southern District of New York, for the purpose of gaining entrance to and maintaining and increasing their positions in the Bloods, an enterprise engaged in racketeering activity, RALIEK MOORE and RONNELL BOOTH, the defendants, and others known and unknown, unlawfully, wilfully, and knowingly would and did attempt to commit murder, to wit, MOORE AND BOOTH attempted to murder Victim #4, in the Bronx, New York, in violation of New York State Penal Law Sections 120.05, 120.10 and 110.00.

(Title 18, United States Code, Sections 1959(a)(5) and 2.)

COUNT NINE

The Grand Jury further charges:

42.  Paragraphs 29 and 30 above are realleged and incorporated by reference as though fully set forth herein.

43.  From at least in or about October 2000, up to and including the date of the filing of this Indictment, in the Southern District of New York, for the purpose of gaining entrance to and maintaining and increasing their positions in the Bloods, an enterprise engaged in racketeering activity, OMAR PORTEE, GARY JACKSON, and PAULLETTE McCARTHA, the defendants, and others known and unknown, unlawfully, wilfully, and knowingly would and did conspire to commit murder, to wit, PORTEE, JACKSON, and McCARTHA conspired to murder Victim #1 and Victim #1's associates, including Victim #2, in violation of New York State Penal Law Sections 110.00 and 125.25.

Overt Acts

(i)  On or about October 18, 2000, in the Bronx, New York, PAULETTE McCARTHA, the defendant, vowed to avenge the stabbing of her son.

(ii) On or about November 8, 2000, in the Bronx, New York, OMAR PORTEE and GARY JACKSON, the defendants, discussed lighting an apartment on fire.

(Title 18, United States Code, Sections 1959(a)(5).)

31

**Robberies**

<u>COUNT TEN</u>

The Grand Jury further charges:

44.   On or about January 30, 2000, in the Southern

District of New York, OMAR PORTEE, the defendant, and others

known and unknown, unlawfully, willfully and knowingly committed

robbery, as that term is defined in Title 18, United States Code,

Section 1951(b)(1), and thereby obstructed, delayed and affected

commerce and the movement of articles and commodities in

commerce, as that term is defined in Title 18, United States

Code, Section 1951(b)(3), in violation of Title 18, United States

Code, Section 1951, to wit, PORTEE and other members of the

Bloods robbed a parking lot located in the vicinity of 2155 East

Tremont Avenue, Bronx, New York.

(Title 18, United States Code, Sections 1951 and 2).

<u>COUNT ELEVEN</u>

The Grand Jury further charges:

45.   On or about January 30, 2000, in the Southern

District of New York, OMAR PORTEE, the defendant, and others

known and unknown, unlawfully, willfully and knowingly conspired

to commit robbery, as that term is defined in Title 18, United

States Code, Section 1951(b)(1), and thereby obstructed, delayed

and affected commerce and the movement of articles and

commodities in commerce, as that term is defined in Title 18,

United States Code, Section 1951(b)(3), in violation of Title 18,
United States Code, Section 1951, to wit, PORTEE and other
members of the Bloods conspired to rob a parking lot located in
the vicinity of 2155 East Tremont Avenue, Bronx, New York.

(Title 18, United States Code, Sections 1951).

### COUNT TWELVE

The Grand Jury further charges:

46. On or about April 23, 2000, in the Southern
District of New York, OMAR PORTEE and LATIA HARRIS, a/k/a "Titi,"
a/k/a "Arson," the defendants, and others known and unknown,
unlawfully, willfully and knowingly committed robbery, as that
term is defined in Title 18, United States Code, Section
1951(b)(1), and thereby obstructed, delayed and affected commerce
and the movement of articles and commodities in commerce, as that
term is defined in Title 18, United States Code, Section
1951(b)(3), in violation of Title 18, United States Code, Section
1951, to wit, PORTEE, HARRIS, and other members of the Bloods
robbed a parking lot located in the vicinity of 2040 East Tremont
Avenue, Bronx, New York.

(Title 18, United States Code, Sections 1951 and 2).

### COUNT THIRTEEN

The Grand Jury further charges:

47. On or about April 23, 2000, in the Southern
District of New York, OMAR PORTEE and LATIA HARRIS, a/k/a "Titi,"

33

a/k/a "Arson," the defendants, and others known and unknown, unlawfully, willfully and knowingly conspired to commit robbery, as that term is defined in Title 18, United States Code, Section 1951(b)(1), and thereby obstructed, delayed and affected commerce and the movement of articles and commodities in commerce, as that term is defined in Title 18, United States Code, Section 1951(b)(3), in violation of Title 18, United States Code, Section 1951, to wit, PORTEE, HARRIS, and other members of the Bloods conspired to rob a parking lot located in the vicinity of 2040 East Tremont Avenue, Bronx, New York.

(Title 18, United States Code, Sections 1951 and 2).

**Extortion**

<u>COUNT FOURTEEN</u>

The Grand Jury further charges:

48.  From in or about the summer of 1999 up to and including the summer of 2000, in the Southern District of New York, OMAR PORTEE, the defendant, and others known and unknown, unlawfully, willfully and knowingly committed extortion, as that term is defined in Title 18, United States Code, Section 1951(b)(2), and thereby obstructed, delayed and affected commerce and the movement of articles and commodities in commerce, as that term is defined in Title 18, United States Code, Section 1951(b)(3), in violation of Title 18, United States Code, Section 1951, to wit, PORTEE and other members of the Bloods collected

34

"protection money" from a drug dealer who sold drugs in the
vicinity of 183rd Street, Bronx, New York.

(Title 18, United States Code, Sections 1951 and 2).

### Narcotics

<u>COUNT FIFTEEN</u>

49.   From at least on or about March 1, 2001 up to and
including the date of the filing of this Indictment, in the
Southern District of New York and elsewhere, OMAR PORTEE and JANE
DOE, a/k/a "Cream," the defendants, and others known and unknown,
unlawfully, intentionally and knowingly did combine, conspire,
confederate and agree together and with each other to violate the
narcotics laws of the United States.

50.   It was a part and an object of the conspiracy that
OMAR PORTEE and DOE, the defendants, and others known and
unknown, unlawfully, intentionally and knowingly would and did
possess with intent to distribute mixtures and substances
containing a 50 grams and more of a detectable amount of cocaine
base, in a form commonly known as "crack," in violation of
Sections 812, 841(a)(1) and 841(b)(1)(A) of Title 21, United
States Code.

<u>Overt Act</u>

51.   In furtherance of the conspiracy and to effect the
illegal object thereof, the following overt acts, among others,

were committed in the Southern District of New York and
elsewhere:

a.   On or about March 1, 2001, in Manhattan and
at the direction of OMAR PORTEE, the defendant, JANE DOE, a/k/a
"Cream," the defendant, delivered crack cocaine to another person
not charged as a defendant herein.

(Title 21, United States Code, Section 846).

## COUNT SIXTEEN

The Grand Jury further charges:

52.  On or about March 1, 2001, in the Southern
District of New York, OMAR PORTEE and JANE DOE, a/k/a "Cream,"
the defendants, unlawfully, intentionally and knowingly would and
did distribute and possess with intent to distribute mixtures and
substances containing 5 grams and more of a detectable amount of
cocaine base, in a form commonly known as "crack."

(Title 21, United States Code, Sections 812,
841(a)(1) and 841(b)(1)(B); and Title 18,
United States Code, Section 2.)

## COUNT SEVENTEEN

The Grand Jury further charges:

53.  From at least in or about January 2001 up to and
including at least on or about February 20, 2001, in the Southern
District of New York, OMAR PORTEE and SETOWAH VARFLEY, the
defendants, and others known and unknown, unlawfully,
intentionally and knowingly did combine, conspire, confederate

36

and agree together and with each other to violate the narcotics
laws of the United States.

54.   It was a part and an object of the conspiracy that
OMAR PORTEE and SETOWAH VARFLEY, the defendants, and others known
and unknown, unlawfully, intentionally and knowingly would and
did possess with intent to distribute mixtures and substances
containing a detectable amount of a controlled substance, to wit,
marijuana, in violation of Sections 812, 841(a)(1) and
841(b)(1)(D) of Title 21, United States Code.

<u>Overt Acts</u>

55.   In furtherance of the conspiracy and to effect the
illegal object thereof, the following overt act, among others,
was committed in the Southern District of New York and elsewhere:

a.   On or about February 20, 2001, in Manhattan,
VARFLEY handed approximately 2 pounds of marijuana to PORTEE.

b.   On or about February 20, 2001, in Manhattan,
PORTEE handed approximately 2 pounds of marijuana to another
person not charged as a defendant herein.

(Title 21, United States Code, Section 846).

<u>COUNT EIGHTEEN</u>

The Grand Jury further charges:

56.   On or about February 20, 2001, in the Southern
District of New York, OMAR PORTEE and SETOWAH VARFLEY,  the
defendants, unlawfully, intentionally and knowingly would and did

distribute and possess with intent to distribute mixtures and substances containing a detectable amount of a controlled substance, to wit, marijuana.

(Title 21, United States Code, Sections 812, 841(a)(1) and 841(b)(1)(D); and Title 18, United States Code, Section 2.)

## COUNT NINETEEN

The Grand Jury further charges:

57.   On or about August 24, 2000, in the Southern District of New York, GARY JACKSON, the defendant, unlawfully, intentionally and knowingly would and did distribute and posses with intent to distribute 50 grams and more of mixtures and substances containing detectable amounts of a controlled substance, to wit, cocaine base, in a form commonly known as "crack."

(Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A); and Title 18 United States Code, Section 2).

## COUNT TWENTY

The Grand Jury further charges:

58.   From at least June 1999 up to and including at least June 2000, in the Southern District of New York and elsewhere, DARRYL STRONG, a/k/a "Shaheem," a/k/a "Sha," a/k/a "Shiam," the defendant, and others known and unknown, unlawfully, intentionally and knowingly did combine, conspire, confederate

and agree together and with each other to violate the narcotics
laws of the United States.

59. It was a part and an object of the conspiracy that
DARRYL STRONG, a/k/a "Shaheem," the defendant, and others known
and unknown, unlawfully, intentionally and knowingly would and
did possess with intent to distribute mixtures and substances
containing 50 grams and more of a detectable amount of cocaine
base, in a form commonly known as "crack," in violation of
Sections 812, 841(a)(1) and 841(b)(1)(A) of Title 21, United
States Code.

60. It was further a part and an object of the
conspiracy that DARRYL STRONG, a/k/a "Shaheem," the defendant,
and others known and known, unlawfully, intentionally, and
knowingly, and being at least eighteen years of age, would and
did employ, hire, use, persuade, entice, and coerce persons under
the age of eighteen years to distribute and possess with intent
to distribute mixtures and substances containing 50 grams and
more of a detectable amount of "cocaine base," in a form commonly
known as "crack," in violation of Sections 812, 841(a)(1),
841(b)(1)(A), and 861(a)(1) of Title 21, United States Code.

Overt Acts

61. In furtherance of the conspiracy and to effect the
illegal objects thereof, the following overt acts, among others,

39

were committed in the Southern District of New York and
elsewhere:

a.   On or about June 2, 1999, in an apartment
located at 54 Evelyn Place, Bronx, New York, DARRYL STRONG, a/k/a
"Shaheem," possessed drug paraphernalia, including bags, a scale,
and a strainer, and 22 multiple caliber cartridges.

(Title 21, United States Code, Section 846).

COUNT TWENTY ONE

The Grand Jury further charges:

62.   On or about August 25, 1999, in the Southern
District of New York, JEROME FRAZIER, a/k/a "Rico," the
defendant, unlawfully, intentionally and knowingly would and did
distribute and possess with intent to distribute mixtures and
substances containing a detectable amount of cocaine base, in a
form commonly known as "crack," to wit, FRAZIER and a member of
the Bloods who is a juvenile sold 100 bags of crack cocaine to an
undercover officer with the New York City Police Department.

(Title 21, United States Code, Sections 812, 841(a)(1) and
841(b)(1)(C); Title 18, United States Code, Section 2.)

**Fraud**

COUNT TWENTY TWO

The Grand Jury further charges:

63.   From at least in or about August 2000, up to and
including at least in or about January 2001, in the Southern
District of New York and elsewhere, OMAR PORTEE, SETOWAH VARFLEY,

.40

JESSICA BACHMAN, a/k/a "Katherine Moore," a/k/a "Karen Young,"
WANDA WILLIAMS, and ANTHONY HERNANDEZ, the defendants, and others
known and unknown, unlawfully, willfully, and knowingly combined,
conspired, confederated, and agreed together and with each other
to, and attempted to, transfer and use, without lawful authority,
means of identification of another person with intent to commit,
and to aid and abet, unlawful activity that constitutes a
violation of federal law, New York State law, New Jersey State
law, and Florida State law, to wit, the defendants agreed to use
other person's identification, without authority, in order to
commit fraud, in violation of Title 18, United States Code,
Section 1028(a)(7).

Overt Acts

        64.   In furtherance of the conspiracy and to effect the
illegal object thereof, the following overt acts, among others,
were committed in the Southern District of New York and
elsewhere:

        (a)   In or about August 2000, in North Port,
Florida, OMAR PORTEE, WANDA WILLIAMS, SETOWAH VARFLEY, and
ANTHONY HERNANDEZ, the defendants, were in a car that contained
thousands of dollars worth of fraudulently obtained merchandise.

        (b)   In or about January 2000, in New York State,
SETOWAH VARFLEY, the defendant, was in possession of credit cards

41

and identification in the name of another person and without that person's permission.

(c) In or about August 2000, in Paramus, New Jersey, JESSICA BACHMAN, the defendant, was in possession of credit cards and identification in the name of another person without that person's permission.

(d) In or about June 2000, ANTHONY HERNANDEZ, the defendant, knowingly secured a lease for a car in another person's name without that person's permission.

(Title 18, United States Code, Section 1028(f)).

<u>COUNT TWENTY-THREE</u>

The Grand Jury further charges:

65.   From at least in or about August 2000, up to and including at least in or about January 2001, in the Southern District of New York and elsewhere, OMAR PORTEE, SETOWAH VARFLEY, WANDA WILLIAMS, and JESSICA BACHMAN, the defendants, and others known and unknown, unlawfully, willfully, and knowingly, and with intent to defraud, confederated, conspired, and agreed, together and with each other, and attempted, to: (1) use one or more counterfeit access devices and (2) effect transactions, with one or more access devices issued to another person or persons, to receive payment and other things of value, during a 1-year period, the aggregate value of which is greater than $1,000, and engaged in conduct in furtherance of such offense, in violation

42

of Title 18, United States Code, Sections 1029(b)(2), 1029(b)(1), 1029(a)(1) and 1029(a)(5), to wit, the defendants used and possessed credit cards issued to other persons to purchase and attempt to purchase thousands of dollars worth of merchandise.

Overt Acts

66.   In furtherance of the conspiracy and to effect the illegal object thereof, the following overt acts, among others, were committed in the Southern District of New York and elsewhere:

(a)   In or about August 2000, in North Port, Florida, OMAR PORTEE, WANDA WILLIAMS, SETOWAH VARFLEY, and ANTHONY HERNANDEZ, the defendants, were in a car that contained thousands of dollars worth of fraudulently obtained merchandise.

(b)   In or about January 2000, in New York State, SETOWAH VARFLEY, the defendant, was in possession of credit cards and identification in the name of another person and without that person's permission.

(c)   In or about August 2000, in Paramus, New Jersey, JESSICA BACHMAN, the defendant, was in possession of stolen credit cards and identification in the name of another person without that person's permission.

(d)   In or about June 2000, ANTHONY HERNANDEZ, the defendant, knowingly secured a lease for a car in another person's name without that person's permission.

43

(Title 18, United States Code, Sections 1029(a)(1), 1029(a)(5), 1029(b)(1) and 1029(b)(2)).

**Firearms**

COUNT TWENTY-FOUR

The Grand Jury further charges:

67.  In or about January 2000, in the Southern District of New York, OMAR PORTEE, the defendant, during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, unlawfully, willfully, and knowingly used and carried, and in furtherance of such crime possessed a firearm, and aided and abetted the same, to wit, PORTEE provided the .44 caliber firearm used during the robbery charged in Racketeering Act Two, Count One and Count Ten of this Indictment.

(Title 18, United States Code, Sections 924(c) and 2.)

COUNT TWENTY-FIVE

The Grand Jury further charges:

68.  On or about August 22, 2000, in the Southern District of New York, DUSHON FOSTER, the defendant, during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, unlawfully, willfully, and knowingly used, carried, and discharged a firearm, and in furtherance of such crime possessed a firearm, to wit, FOSTER used, carried, and discharged a firearm during the conspiracy to murder and attempted murder of Victim #3, as charged in

44

Racketeering Act Six of Count One and Counts Five and Six of this Indictment.

(Title 18, United States Code, Sections 924(c)(1)(A)(iii) and 2.)

<u>COUNT TWENTY-SIX</u>

The Grand Jury further charges:

69.   On or about June 4, 2000, in the Southern District of New York, WANDA WILLIAMS, the defendant, during and in relation to a crime of violence for which she may be prosecuted in a court of the United States, unlawfully, willfully, and knowingly used and carried a firearm, and in furtherance of such crime possessed a firearm, to wit, WILLIAMS used, carried, and possessed a 9 millimeter semi-automatic firearm, a .38 caliber firearm, and a .25 caliber firearm in furtherance of the robbery charged in Racketeering Act Nine of Count One of this Indictment.

(Title 18, United States Code, Sections 924(c) and 2.)

<u>COUNT TWENTY-SEVEN</u>

The Grand Jury further charges:

70.   On or about July 15, 2000, in the Southern District of New York, RALIEK MOORE and RONNELL BOOTH, the defendants, during and in relation to a crime of violence for which they may be prosecuted in a court of the United States, unlawfully, willfully, and knowingly used, carried, and discharged a firearm, and in furtherance of such crime possessed a firearm, and aided and abetted the same, to wit, MOORE and

45

BOOTH used a firearm in the conspiracy to murder and attempted murder of Victim #4, as charged in Counts Seven and Eight of this Indictment.

(Title 18, United States Code, Sections 924(c)(1)(A)(iii)and 2.)

<u>COUNT TWENTY-EIGHT</u>

The Grand Jury further charges:

71.   On or about October 23, 1999, in the Southern District of New York, OMAR PORTEE, the defendant, unlawfully, willfully, and knowingly, delivered and otherwise transferred a handgun to a person PORTEE knew and had reasonable cause to believe was a juvenile, knowing and having reasonable cause to believe that the juvenile intended to carry and otherwise possess and discharge and otherwise use the handgun in the commission of a crime of violence, to wit, PORTEE had a Tec-9 firearm transferred to a juvenile knowing that the juvenile would use the gun in furtherance of the conspiracy to murder and attempted murder of Victim #1 charged in Racketeering Act One, Count One and Counts Three and Four of this Indictment.

(Title 18, United States Code, Sections 922(x)(1)(A),
924(a)(6)(B)(ii), and 2).

<u>COUNT TWENTY-NINE</u>

The Grand Jury further charges:

72.   On or about November 11, 1999, in the Southern District of New York, OMAR PORTEE, the defendant, unlawfully, willfully, and knowingly, delivered and otherwise transferred a

handgun to a person PORTEE knew and had reasonable cause to believe was a juvenile, to wit, PORTEE knowingly gave a 9 mm semi-automatic firearm to a juvenile.

(Title 18, United States Code, Sections 922(x)(1)(A) and 2).

### COUNT THIRTY

The Grand Jury further charges:

73.   On or about October 23, 1999, in the Southern District of New York, LEMREY ANDREWS, the defendant, unlawfully, willfully, and knowingly, after having been convicted upon pleas of guilty in New York State Supreme Court, New York County, on September 21, 1993 of Attempted Criminal Sale of a Controlled Substance, Indictment 5993-93, and of Criminal Sale of a Controlled Substance in the Fifth Degree, Indictment 00954-94, ANDREWS possessed in and affecting commerce a firearm, to wit, a Norinco AK-47 that was used in the attempted murder of Victim #1.

(Title 18, United States Code, Sections 922(g)(1) and 2).

### COUNT THIRTY-ONE

The Grand Jury further charges:

74.   In or about the winter of 1999 and early 2000, in the Southern District of New York, OMAR PORTEE, the defendant, unlawfully, willfully, and knowingly, after having been convicted upon pleas of guilty in New York State Supreme Court, Bronx County, on April 20, 1989 of both Robbery in the First Degree, Indictment 5775-87 and of Robbery in the First Degree, Indictment

1173-88, and on October 25, 1993 of Criminal Possession of A

Weapon in the Third Degree, Indictment 6586-92, PORTEE possessed

in and affecting commerce a firearm, to wit, a Ruger .44 caliber

weapon that was later seized from a member of the Bloods while

wrapped in a red bandanna.

(Title 18, United States Code, Sections 922(g)(1) and 2).


_____          _____
Foreperson                           United States Attorney

48

Form No. USA-33s-274 (Ed. 9-25-58)

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v -

OMAR PORTEE,
        a/k/a "OG Mack,"
        a/k/a "The Godfather of the
              Bloods,"
        a/k/a "The Big Homey,"
        a/k/a "The Unknown,"
        a/k/a "Anybody Killer,"
        a/k/a "The Almighty,"
        a/k/a "The Panther,"
        a/k/a "The Big Lion,"
        a/k/a "Omar Porter,"
        a/k/a "Amar Porter,"
        a/k/a "John Johnson,"
        a/k/a "John Varfley,"
        a/k/a "Pierre Johnson,"
        a/k/a "Ron Johnson,"
PAULETTE McCARTHA,
        a/k/a "OG P Ditty Mack,"
        a/k/a "P Ditty,"
        a/k/a "Mommy"
        a/k/a "Big Mamma,"
        a/k/a "Ma,"
        a/k/a "Prelette McCartha,"
GARY JACKSON,
        a/k/a "OG G,"
        a/k/a "G,"
        a/k/a "B-More,"
        a/k/a "Lamont Jackson"
        a/k/a "Monie Jackson"
        a/k/a "Pierre Johnson"
        a/k/a "Maurice Johnson"
        a/k/a "Moet,"
DUSHON FOSTER,

```
        a/k/a "Jah Bee,"
        a/k/a "Bloody Jah Bee,"
        a/k/a "Ivien Jones,"
        a/k/a "Show Foster,"
        a/k/a "Shun Foster,"
        a/k/a "Shawn Davis,"
        a/k/a "Shon Foster,"
RALIEK MOORE, JR.,
        a/k/a "KO,"
        a/k/a "OG 5-9 Brim,"
        a/k/a "Ronald Moore,"
        a/k/a "Robosin May,"
        a/k/a "Ronald May,"
        a/k/a "Ronni Moore,"
LEMREY ANDREWS,
        a/k/a "Pimp Blood Red,"
        a/k/a "Bloody Pimp,"
        a/k/a "Pimp,"
        a/k/a "Gerald Andrews,"
        a/k/a "Lenny Andrews,"
        a/k/a "Emmy Clark,"
        a/k/a "Young Redd,"
        a/k/a "PI,"
RONNELL BOOTH,
        a/k/a "Famo,"
ANTHONY HERNANDEZ,
        a/k/a "Lucky,"
        a/k/a "Oliver Goldstein"
        a/k/a "Michael Angel Hernandez,"
SETOWAH VARFLEY,
        a/k/a "Afrika,"
        a/k/a "Sandra Griffith,"
        a/k/a "Peggy V. Mathis,"
        a/k/a "Peggy Varfley"
WANDA WILLIAMS,
        a/k/a "Nina,"
        a/k/a "Katerine Moore,"
        a/k/a "Tina Lopez,"
LATIA HARRIS,
        a/k/a "Titi,"
        a/k/a "Arson"
DARRYL STRONG,
        a/k/a "Shaheem,"
        a/k/a "Shah,"
        a/k/a "Shiam,"
```

JEROME FRAZIER,
     a/k/a "Rico,"
JESSICA BACHMAN,
     a/k/a "Katherine Moore,"
     a/k/a "Karen Young,"    and
JANE DOE,
     a/k/a "Cream,"

             **Defendants.**

---

### INDICTMENT

01 Cr.

Title 18, United States Code, Sections
1961, 1962(c), 1962(d), 1959(a)(5), 1951,
1028, 1029, 924(c), 924(a)(6)(B)(ii),
922(x), 922(g), and 2; Title 21, United
States Code, Sections 846, 841(a)(1),
841(b)(1)(A), 841(b)(1)(B); and
841(b)(1)(D).

                              MARY JO WHITE
                  United States Attorney.

**A TRUE BILL**

                                 Foreperson.

JEROME FRAZIER,
     a/k/a "Rico,"
JESSICA BACHMAN,
     a/k/a "Katherine Moore,"
     a/k/a "Karen Young,"    and
JANE DOE,
     a/k/a "Cream,"

          Defendants.

---

### INDICTMENT

01 Cr.

Title 18, United States Code, Sections
1961, 1962(c), 1962(d), 1959(a)(5), 1951,
1028, 1029, 924(c), 924(a)(6)(B)(ii),
922(x), 922(g), and 2; Title 21, United
States Code, Sections 846, 841(a)(1),
841(b)(1)(A), 841(b)(1)(B); and
841(b)(1)(D).

MARY JO WHITE
United States Attorney.

**A TRUE BILL**

Foreperson.

Form No. USA-33s-274 (Ed. 9-25-58)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v -

OMAR PORTEE,
        a/k/a "OG Mack,"
        a/k/a "The Godfather of the
                Bloods,"
        a/k/a "The Big Homey,"
        a/k/a "The Unknown,"
        a/k/a "Anybody Killer,"
        a/k/a "The Almighty,"
        a/k/a "The Panther,"
        a/k/a "The Big Lion,"
        a/k/a "Omar Porter,"
        a/k/a "Amar Porter,"
        a/k/a "John Johnson,"
        a/k/a "John Varfley,"
        a/k/a "Pierre Johnson,"
        a/k/a "Ron Johnson,"
PAULETTE McCARTHA,
        a/k/a "OG P Ditty Mack,"
        a/k/a "P Ditty,"
        a/k/a "Mommy"
        a/k/a "Big Mamma,"
        a/k/a "Ma,"
        a/k/a "Prelette McCartha,"
GARY JACKSON,
        a/k/a "OG G,"
        a/k/a "G,"
        a/k/a "B-More,"
        a/k/a "Lamont Jackson"
        a/k/a "Monie Jackson"
        a/k/a "Pierre Johnson"
        a/k/a "Maurice Johnson"
        a/k/a "Moet,"
DUSHON FOSTER,

*(Sealed )*

5/7/01 - Fld. Indictment.
Arrest Warrant Issued for
each defendant. So Ordered.
S/Eaton, J. Eaton

11/8/81 Post-It

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v -

OMAR PORTEE,
        a/k/a "OG Mack,"
        a/k/a "The Godfather of the
                Bloods,"
        a/k/a "The Big Homey,"
        a/k/a "The Unknown,"
        a/k/a "Anybody Killer,"
        a/k/a "The Almighty,"
        a/k/a "The Panther,"
        a/k/a "The Big Lion,"
        a/k/a "Omar Porter,"
        a/k/a "Amar Porter,"
        a/k/a "John Johnson,"
        a/k/a "John Varfley,"
        a/k/a "Pierre Johnson,"
        a/k/a "Ron Johnson,"
PAULETTE McCARTHA,
        a/k/a "OG P Ditty Mack,"
        a/k/a "P Ditty,"
        a/k/a "Mommy"
        a/k/a "Big Mamma,"
        a/k/a "Ma,"
        a/k/a "Prelette McCartha,"
GARY JACKSON,
        a/k/a "OG G,"
        a/k/a "G,"
        a/k/a "B-More,"
        a/k/a "Lamont Jackson"
        a/k/a "Monie Jackson"
        a/k/a "Pierre Johnson"
        a/k/a "Maurice Johnson"
        a/k/a "Moet,"
    DUSHON FOSTER,

5/8/01 — Unsealing Order signed and case is assigned
to Judge Buchwald for all Purposes.
                        S/Eaton, J. U.S.M.J.

Form No. USA-33s-274 (Ed. 9-25-58)

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v -

OMAR PORTEE,
     a/k/a "OG Mack,"
     a/k/a "The Godfather of the
            Bloods,"
     a/k/a "The Big Homey,"
     a/k/a "The Unknown,"
     a/k/a "Anybody Killer,"
     a/k/a "The Almighty,"
     a/k/a "The Panther,"
     a/k/a "The Big Lion,"
     a/k/a "Omar Porter,"
     a/k/a "Amar Porter,"
     a/k/a "John Johnson,"
     a/k/a "John Varfley,"
     a/k/a "Pierre Johnson,"
     a/k/a "Ron Johnson,"
PAULETTE McCARTHA,
     a/k/a "OG P Ditty Mack,"
     a/k/a "P Ditty,"
     a/k/a "Mommy"
     a/k/a "Big Mamma,"
     a/k/a "Ma,"
     a/k/a "Prelette McCartha,"
GARY JACKSON,
     a/k/a "OG G,"
     a/k/a "G,"
     a/k/a "B-More,"
     a/k/a "Lamont Jackson"
     a/k/a "Monie Jackson"
     a/k/a "Pierre Johnson"
     a/k/a "Maurice Johnson"
     a/k/a "Moet,"
DUSHON FOSTER,

*5/8/01 - Unsealing Order signed and case is assigned to Judge Buchwald for all Purposes.*

*S/Eaton, J. U.S.M.J*