```
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12-12-08
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x

UNITED STATES OF AMERICA,               :     **MEMORANDUM
                                              AND**
        - v. -                          :     **ORDER**

JEROME FRAZIER,                         :     01 CR 450 (NRB)

                Defendant.              :

------------------------------------x

**NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE**

    On April 18, 2002, Jerome Frazier ("defendant") was sentenced to a term of imprisonment of 100 months following his plea of guilty to charges relating to his use of a person under age 18 in the distribution of, and possession with intent to distribute, cocaine base. On May 13, 2008, defendant requested a reduction in sentence as a result of the amendment to the crack cocaine sentencing guidelines. The Court reduced defendant's sentence to 84 months on May 14, 2008. Presently before the Court is an application by defendant for a second reduction in sentence, this time because his mother is critically ill and he represents that he is not projected to be released until January 8, 2010.

    This application is denied because this Court does not have the authority to grant such a reduction. Reduction of a sentence is permitted under Fed. R. Crim. Pro. 35 only when defendant has provided substantial assistance to a government investigation following his sentence or when clear error is discovered within 7

days of sentencing. Neither of those situations is present here.

Section 3582(c) of Title 18 of the United States Code also provides authority for a court to reduce a sentence, but only "upon motion of the Director of the Bureau of Prisons" and only when "extraordinary and compelling reasons" are present. 18 U.S.C. § 3582(c)(1)(A); see, e.g., United States v. Leroy, 2008 WL 4636725 (10th Cir. 2008)("Finally, although this claim arguably may fall within § 3582(c)(1)(A), such a claim must be brought by the Director of the Bureau of Prisons . . ."). We note that in the past the Bureau of Prisons has "'generally restrict[ed]' the application of 18 U.S.C. § 3582(c)(1)(A)(i) to inmates who have been diagnosed with medical conditions that are terminal within one year or who suffer from severely debilitating and irreversible conditions that render them unable to provide self-care." Williams v. Van Buren, 117 Fed. Appx. 985 (5th Cir. 2004).

For the reasons set forth above, this Court lacks the authority to grant the relief sought and defendant's December 9, 2008 motion for a reduction of sentence is denied. However, we suggest that defendant speak to his counselor about pursuing this matter with the Bureau of Prisons.

DATED:   New York, New York
         December 11, 2008

                                          NAOMI REICE BUCHWALD
                                          UNITED STATES DISTRICT JUDGE

Copies of this order have been sent to:

Elizabeth Maringer, Esq.
Assistant United States Attorney
Southern District of New York
One Saint Andrew's Plaza
New York, NY 10007

Jerome Frazier
DIN # 50481-054
U.S.P. - Coleman 1
P.O. Box 1033
Coleman, FL 33521

Leonard Joy, Esq.
Federal Defenders
52 Duane Street - 10th Floor
New York, NY 10007-1207